## SEACHRIST v. GRIFFETH et al.

Without a denial under oath, the plaintiff need not prove the execution nor assignment of a promissory note, in the first instance.

Where in an action 'on a promissory note, in the name of the assignee, the defendants deny the execution and assignment of the note, but the answer is not sworn to, the defendant may introduce evidence to sustain their denial. The effect of such an answer is to change the burden of proof from the plaintiff to defendant.

An answer in an action on a promissory note, which denies the assignment of the note, but is not sworn to, is not demurrable for that reason.

*Appeal from the Warren District Court.*

TUESDAY, JUNE 22.

The plaintiff declares on a promissory note, alleged to have been made by defendants to Baker & Co., and by them assigned to plaintiff. The action is brought against the makers and indorsers. The defendants deny the assignment of the note ; but do not make the denial under oath. For this cause the plaintiffs demurred to the answer, and the demurrer was sustained. Leave was given the defendants to amend the answer. The assignors only answer over. There was a trial before the court, and judgment for the plaintiffs against the makers. The makers appeal.

*P. Gad Bryan*, for the appellants.

*Lewis Todhunter*, for the appellees.

WOODWARD, J.—The error assigned is to sustaining the demurrer to the answer. Under the ruling of this court in *Lyon* v. *Bunn, ante,* 48, this denial of the makers being without oath, would not warrant the sustaining of the demurrer, and thus holding the answer and denial wholly insufficient; but it changed the burden of proof from the plaintiff to the defendant. That is, the plaintiff need not prove the execution or assignment, in the first instance,

without a denial under oath, but the defendants might introduce evidence to sustain their denial; but this ruling of the court held the answer wholly insufficient. They went to trial upon the other matters in their answer, and it does not appear that they offered evidence in relation to the assignment, but we consider that they were debarred from so doing by the decision of the court.

We are of the opinion, therefore, that there was error in the ruling and judgment of the court, and it is reversed.